Alfred Wolkyns Seymour, as Administrator, etc., Plaintiff, *v.* The Mechanics and Metals National Bank of the City of New York, Defendant.

(Supreme Court, New York Special Term, July, 1919.)

Pleading — allegations contained in complaint — answer — reply — banks — Statute of Limitations — motion to overrule demurrer denied.

A resident of the city of New York died in 1822 and his executor, without ever having filed an inventory or accounting, died in 1852 leaving among the unadministered assets of the estate sixty-seven shares of the capital stock of a certain bank evidenced by a certificate issued in 1823, in the name of the deceased executor. Neither the estate of said deceased executor nor that of his testator was ever fully administered. On January 1, 1855, when the charter of said bank expired by limitation, another duly incorporated state bank acquired the business and property of the defunct bank, whose stockholders, under the plan of acquisition, became entitled to certain shares of the stock of the new bank in place of their stock in the defunct bank. Under a plan for the conversion of the new state bank into a national bank its stockholders became entitled to certain shares of the stock of

said national bank. A complaint against the national bank set forth the facts, pleaded that no stock of any of said banks was ever issued to the estate of the testator, who died in 1822, on account of said sixty-seven shares although a demand therefor was made by plaintiff as administrator with the will annexed. The prayer for relief was that defendant be required to transfer on its books the said sixty-seven shares of stock and to issue therefor a certificate for such number of shares of its stock as were truly represented by said certificate for sixty-seven shares in the defunct bank, and also for an accounting for all dividends accrued and unpaid from a certain date in 1823. The amended answer pleaded *inter alia* the six, ten and twenty year statutes of limitations as defenses and the amended reply alleged as avoidances that the interest of the estate of the deceased testator in the defunct bank by the terms of the agreements of acquisition and consolidation were received by the new state bank and through the other predecessors of defendant, by defendant in the capacity of an agent or fiduciary, but the terms of the various agreements were not set forth. *Held,* that the allegations of the reply were mere conclusions of law, not admitted by the demurrer, and a motion to overrule the same will be denied.

MOTION by the plaintiff to overrule demurrer to avoidances set up in amended reply to defenses set up in the answer.

McCombs, Wellman, Smyth & Ryan (Herbert C. Smyth, Roderic Wellman and Ralph W. Thomas, of counsel), for motion.

Frank M. Patterson (James M. Beck, Frank M. Patterson and John B. Loughborough, of counsel), opposed.

GIEGERICH, J. The plaintiff has brought on for argument as a contested motion the issues of law raised by the defendant's demurrers to avoidances set up in the plaintiff's amended reply to defenses

set up in the answer.   The facts as set forth in the
pleadings are very unusual.   The amended complaint
alleges that in the year 1822 one Thomas Williams
died a resident of New York and one Archibald Cor-
nell qualified as executor under his will, but that no
inventory or accounting was ever filed by the execu-
tor, who died in 1852, leaving certain assets of the
estate unadministered, and that no accounting in the
estate of said executor was ever filed, and that neither
his estate nor the testator's estate has ever been fully
administered.   It is further alleged that, on the 8th
day of October, 1917, letters of administration with
the will annexed upon the estate of the said Thomas
Williams, deceased, were issued to the plaintiff, and
that among the unadministered assets were sixty-
seven shares of the capital stock of the Mechanics
Bank in the city of New York, evidenced by a cer-
tificate issued in 1823 in the name of Archibald Cor-
nell, as executor of the estate of Thomas Williams,
deceased.   It is further alleged that the said Mechan-
ics Bank went out of existence on the 1st day of
January, 1855, when its charter expired by limitation,
and that on the same day the Mechanics Bank of the
City of New York was incorporated under the laws of
the state of New York and acquired the business and
property of the Mechanics Bank aforesaid, and that,
under the plan of acquisition, the stockholders of the
said Mechanics Bank became entitled to certain shares
of stock in the said Mechanics Bank of the City of New
York in the place and stead of their stock of the said
Mechanics Bank.   It is further alleged that the
Mechanics Bank of the City of New York, originally
incorporated under the laws of the state of New York,
was converted into a national banking association
under the title "The Mechanics National Bank of the
City of New York" on the 3d day of June, 1864, and

that, under the plan of conversion, the stockholders of the former state bank became entitled to certain shares of the stock of the new national bank. There are also allegations of other consolidations and mergers of the last named bank and its successors with various other banks, one in the year 1904 and another in the year 1910 and another in the year 1914, out of which last consolidation and merger the defendant bank resulted. There are also allegations not necessary to repeat that in the case of each consolidation and merger the stockholders of the former institutions became entitled to stock in the new institution. It is also alleged that no stock of any of the successor banks named was ever issued to the estate of Thomas Williams on account of the said sixty-seven shares of stock, although a demand therefor on the 5th day of November, 1917, by the plaintiff upon the defendant is alleged. The relief prayed for is that the defendant and its officers be required to transfer on its books the said sixty-seven shares of stock and to issue therefor '' a certificate for such number of shares of its stock as are truly represented by said certificate for sixty-seven shares of the Mechanics Bank,'' and also for an accounting for all dividends accrued and unpaid from the 19th day of August, 1823. The amended answer, among other things, sets up in various forms the six-year and the ten-year and the twenty-year Statutes of Limitations as defenses. The amended reply sets up avoidances to these various defenses. It is unnecessary, in the view I take of the case, to recite at any greater length the facts set forth in the pleadings, because the briefs seem to recognize, as is quite evidently the fact, that the plaintiff's cause of action is barred by the statute, unless his case comes within section 410 of the Code of Civil Procedure and **the** defendant and its predecessors received the prop-

erty of the estate of the plaintiff's testator as agent or trustee or fiduciary. The avoidances allege "that the interest of the estate of Thomas Williams, deceased, in the Mechanics Bank, by the terms of the various agreements of acquisition and consolidation, was received by The Mechanics Bank of the City of New York, and, through the other predecessors of defendant, by defendant in the capacity of an agent, trustee or fiduciary," but the terms of those various agreements are not set forth. I think it quite clear that the allegation just quoted is a conclusion of law, and therefore not admitted by the demurrer to the avoidances. Whether the various agreements referred to were of such a character as to render the defendant and its predecessors fiduciaries or trustees or agents with respect to the Williams estate in their receipt of the property referred to, and, consequently, whether the Statute of Limitations has or has not been running all these years since 1855, is a question that cannot be determined, in my opinion, on the facts now before the court. Whether this question can be determined when those agreements are before the court without anything more need not be considered now. The motion to overrule the demurrers to the avoidances is therefore denied, with ten dollars costs, with leave to the plaintiff to amend his reply within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof, and the payment of such costs.

Ordered accordingly.